**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| CX REINSURANCE COMPANY LTD., | * |  |
| Plaintiff | * |  |
| v. | * | CIVIL NO.  JKB-15-3054 |
| LEADER REALTY COMPANY *et al.*, | * |  |
| Defendants | * |  |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM  AND  ORDER**

Pending before the Court are motions to intervene by Natasha Johnson and Katiara Harper.  (ECF Nos. 36 & 37.)  Plaintiff opposes the motions in their entirety (ECF Nos. 43 & 44), and Defendants oppose the motions in part (ECF No. 42), as explained *infra*.  No hearing is required.  Local Rule 105.6 (D. Md. 2016).

Movants indicate they resided in properties owned or operated by Defendants and, during the time of their residence, they suffered lead-paint poisoning; consequently, they have filed separate, personal injury lawsuits against Defendants in state court.  Movants indicate that, in the event of judgments entered in their favor against Defendants in the state forum, they would look to Defendants' liability insurance policy, issued by CX Re or its predecessor, for satisfaction of their judgments.  Thus, they seek to intervene in this federal case to protect their contingent interests in the proceeds of the policy—a policy with respect to which CX Re has filed this action for rescission and damages based upon CX Re's contention that Defendants made material misrepresentations in their application for insurance.

Movants assert they are entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2); failing that, they request permissive intervention under Rule 24(b).  The Court concludes Movants may not intervene as of right but they will be granted permissive intervention.

I.

Rule 24(a)(2) provides that upon "timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Plaintiff and Defendants oppose Movants' intervention of right.

"To intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), the moving party must show that (1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by the existing parties."  *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981).  According to the United States Court of Appeals for the Fourth Circuit, a contingent interest in the outcome of other pending litigation constitutes a significantly protectable interest that satisfies Rule 24(a)(2). *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).  That requirement is satisfied here by Movants' interest in their pending litigation against Defendants.

The Court can find no basis, however, for finding that Movants have adequately shown the second required element of Rule 24(a)(2), *i.e.*, that "disposition of the action may practically impair or impede the movant's ability to protect that interest."  In the *Teague* case, the Court noted that if the insurance company there were to prevail in its declaratory action against the

2

defendant insureds such that the court were to rule against the defendants on the question of coverage, then the intervenors would have to satisfy any judgment against the defendants from assets other than the policy proceeds, "and the existence and amount of such assets are questionable" due to defendants' poverty. *Id.* Movants here have made no similar showing that the existence and amount of Defendants' assets are questionable and, therefore, have not established the second element for intervention as of right.

As for the third element, whether Movants' interest will be adequately represented by Defendants, Plaintiff and the Defendants dispute the notion that they are not representing the interest they share with Movants in having the insurance proceeds available to satisfy any judgment. They point to what the Court agrees is vigorous defense litigation as proof. Because Movants and Defendants share the same ultimate objective—payment of insurance proceeds, Defendants enjoy a presumption of adequate representation, which Movants have failed to rebut by demonstrating adversity of interest, collusion, or nonfeasance. *See Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). Intervention of right will be denied.

II.

Although Defendants opposed intervention of right in the instant suit by Movants, Defendants have not opposed Movants' permissive intervention under Rule 24(b)[1], which provides in pertinent part,

> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
> . . .
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> . . .

---

[1] Plaintiff opposes Movants request to intervene under <u>any</u> authority, including Rule 24(b).

(3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Here, the common question of fact is whether Defendants made material misrepresentations on the application for liability insurance. If so, then CX Re is entitled to rescission. If the policy is rescinded, then neither Defendants nor Movants will benefit from its liability coverage, assuming *arguendo* that Movants' claims fall within the parameters of the policy. The Court can discern no delay or prejudice occasioned by Movants' intervention (particularly given the discovery restriction imposed below). Thus, the motions will be granted on this basis, and Movants will intervene as Defendants.

III.

The Court finds credible CX Re's assertion that limits must be placed on Movants' discovery requests to prevent duplication. Defendants, through their previously noted active litigation efforts, are driving the defense bus, so to speak. Movants are effectively passengers on the defense bus and they would only move into the driver's seat if and when Defendants did not continue in their active litigation role. To ensure an efficient discovery process, this case will be referred for discovery matters to a magistrate judge, who will rule on any request by Movants to propound discovery separate from that propounded by Defendants. Thus, Movants will be forbidden from taking discovery except to the extent they can establish to the satisfaction of the magistrate judge that it will be nonduplicative of what the other parties are already taking and otherwise within the scope of established discovery rules.[2] *See generally Fed. R. Civ. P. 26(b)(2)(C)(i).*

IV.

---

[2] The Court's ruling only applies to this case, JKB-15-3054. However, some procedures adopted in the instant case may be applied to other CX Re cases pending before other judges, as those judges deem appropriate.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED:

1.  The motions to intervene by Natasha Johnson and Katiara Harper (ECF Nos. 36 & 37) ARE GRANTED.

2.  The intervenors SHALL BE DESIGNATED as Defendants in this action.

3.  Attachment 1 to ECF No. 36 SHALL BE DOCKETED as Defendant Natasha Johnson's answer to the amended complaint.[3]

4.  Attachment 2 to ECF No. 37 SHALL BE DOCKETED as Defendant Katiara Harper's answer to the amended complaint[4] and counterclaim.

5.  Responses to Harper's counterclaim SHALL BE FILED within twenty-one days of the date of this memorandum and order.

6.  By separate order, this matter will be referred to a magistrate judge to manage and rule on discovery issues arising.

7.  Movants are forbidden from taking discovery except to the extent they can establish to the satisfaction of the magistrate judge that it will be nonduplicative of what the other parties are already taking and otherwise within the scope of established discovery rules.

DATED this 10th day of January, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[3]  After Movants filed their motions to intervene, CX Re filed a second amended complaint.

[4]  *See* note 3, *supra*.