CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 20, 2017

LETTER TO COUNSEL

RE:    *CX Reinsurance Co. Ltd. v. B&R Management, Inc.*, *et al.*, Civ. No. ELH-15-3364;
*CX Reinsurance Co. Ltd. v. Caplan*, *et al.*, Civ. No. RDB-15-3158;
*CX Reinsurance Co. Ltd. v. Homewood Realty Inc.*, et *al.*, Civ. No. JFM-15-3136;
*CX Reinsurance Co. Ltd. v. Kirson*, *et al.*, Civ. No. RWT-15-3132;
*CX Reinsurance Co. Ltd. v. Leader Realty Co.*, *et al.*, Civ. No. JKB-15-3054;
*CX Reinsurance Co. Ltd. v. Singer Realty*, *Inc.*, *et al.*, Civ. No. CCB-15-3056

Dear Counsel:

I have reviewed the Intervenor Defendants' letter requesting an in-person status conference, *CX Reinsurance Co. Ltd. v. B&R Management, Inc.*, *et al.*, Civ. No. ELH-15-3364, [ECF No. 98] ("*B&R Management*"); *CX Reinsurance Co. Ltd. v. Caplan*, *et al.*, Civ. No. RDB-15-3158, [ECF No. 52] ("*Caplan*"); *CX Reinsurance Co. Ltd. v. Homewood Realty Inc.*, et *al.*, Civ. No. JFM-15-3136, [ECF No. 72] ("*Homewood Realty*"); *CX Reinsurance Co. Ltd. v. Kirson*, *et al.*, Civ. No. RWT-15-3132, [ECF No. 51] ("*Kirson*"); *CX Reinsurance Co. Ltd. v. Leader Realty Co.*, *et al.*, Civ. No. JKB-15-3054, [ECF No. 90] ("*Leader Realty*"); *CX Reinsurance Co. Ltd. v. Singer Realty*, *Inc.*, *et al.*, Civ. No. CCB-15-3056, [ECF No. 89] ("*Singer Realty*"), the response filed by Plaintiff CX Reinsurance Company Limited ("CX Re"), *B&R Management*, Civ. No. ELH-15-3364, [ECF No. 105]; *Caplan*, Civ. No. RDB-15-3158, [ECF No. 53]; *Homewood Realty*, Civ. No. JFM-15-3136, [ECF No. 73]; *Kirson*, Civ. No. RWT-15-3132, [ECF No. 52]; *Leader Realty*, Civ. No. JKB-15-3054, [ECF No. 91]; *Singer Realty*, Civ. No. CCB-15-3056, [ECF No. 90], the various submissions made by defendants in individual cases, *B&R Management*, Civ. No. ELH-15-3364, [ECF No. 109]; *Caplan*, Civ. No. RDB-15-3158, [ECF No. 56]; *Homewood Realty*, Civ. No. JFM-15-3136, [ECF No. 76]; *Kirson*, Civ. No. RWT-15-3132, [ECF No. 55]; *Leader Realty*, Civ. No. JKB-15-3054, [ECF No. 94]; *Singer Realty*, Civ. No. CCB-15-3056, [ECF No. 89], and the April 19, 2017 letter submitted by Intervenor Defendants, *Singer Realty*, Civ. No. CCB-15-3056, [ECF No. 95].   I have also reviewed the dockets in each of the above-captioned cases and the orders by each presiding United States District Judge referring the case to me for specific purposes.  After that review, I believe that a status conference is warranted, although it need not be in-person and will be far more limited in scope than the request made by Intervenor Defendants.

As background, six separate lawsuits were filed by CX Re seeking rescission of commercial insurance policies issued to six separate landlords and affiliated individuals and entities.  On November 15, 2016, United States District Judge James K. Bredar issued a

Memorandum and Order denying the Intervenor Defendants' motion to consolidate the six cases. *Leader Realty*, Civ. No. JKB-15-3054, [ECF No. 59]. In that Memorandum and Order, Judge Bredar deemed "it expedient to designate a single magistrate judge, at the discretion of each individual presiding judge, as overseer of discovery issues affecting more than one case. Discovery issues pertaining only to one case will be handled in the fashion deemed appropriate by the respective presiding judge." *Id.* at 5.

After Judge Bredar's decision, each of the presiding judges entered orders referring the cases to me for certain purposes. In one of the cases, the referral was for "all discovery matters." *Caplan*, Civ. No. RDB-15-3158, [ECF No. 45]. In three other cases, the referral was for "discovery issues." *B&R Management*, Civ. No. ELH-15-3364, [ECF No. 76]; *Homewood Realty*, Civ. No. JFM-15-3136, [ECF No. 64]; *Leader Realty Co.*, Civ. No. JKB-15-3054, [ECF No. 74]. In another case, *Kirson*, Civ. No. RWT-15-3132, the referral was for the very limited purpose of determining whether Intervenor Defendant Johnson's discovery is "nonduplicative of the discovery propounded by the other parties and that it is within the scope of established discovery rules." [ECF No. 42 at 2]. The Clerk's Office then issued form referral orders in which it checked that each case had been referred for "all discovery and related scheduling."[1] *Homewood Realty*, Civ. No. JFM-15-3136, [ECF No. 66]; *Kirson*, Civ. No. RWT-15-3132, [ECF No. 40]; *Caplan*, Civ. No. RDB-15-3158, [ECF No. 46]; *B&R Management*, Civ. No. ELH-15-3364, [ECF No. 78]; *Singer Realty*, Civ. No. CCB-15-3056, [ECF No. 80]. However, I am governed by the actual written orders drafted by the presiding judges, and five of those six orders did not transfer authority for case-related scheduling to me. Thus, the Defendants' scheduling-related requests, including, for example, extensions to discovery deadlines or requests to postpone expert discovery until after dispositive motions, must be presented to the individual presiding judges.

Moreover, I will not be reconsidering Judge Bredar's order denying consolidation of the six cases or attempting to otherwise consolidate the cases for purposes of discovery. I note that three of the six cases are moving along in their discovery schedules, one has had discovery stayed, and two others do not yet have a scheduling order in place.[2] In light of the different schedules for discovery in the six different cases, and the absence of consolidation, it is not appropriate for me to mandate a unified bates label sequence or to consider a standard electronically stored information ("ESI") order at this point in time. The parties to each case should meet and confer, if they have not already done so, to determine protocols for production of ESI. Intervenor Defendants' request that ESI be formatted in a way to allow importation into an electronic review tool may be a reasonable one, depending on the quantity of ESI to be produced in a given case and the burden of formatting the ESI for importation. If the parties to a

---

[1] In *Singer Realty*, Civ. No. CCB-15-3056, the only discovery order entered is the Clerk's Office referral order. [ECF No. 80]. In that case, however, no scheduling order has been entered. Even if the case were referred to me for scheduling, then, there is no schedule for me to modify. Initial scheduling determinations are clearly within the purview of the presiding judge.

[2] Intervenor Defendants suggest in their April 19, 2017 letter that little discovery has taken place in any of the cases, even those nearing their discovery deadlines. *Singer Realty*, Civ. No. CCB-15-3056, [ECF No. 95]. It is indisputable, however, that some discovery has been produced and some depositions have been scheduled.

given case are unable to agree on the format for ESI production, the issue should be raised with the Court.

The one issue referred to me by each of the six presiding judges is the scope of permissible discovery by the Intervenor Defendants. It is clear that each presiding judge intended that I closely monitor the discovery to be conducted by those parties. I understand that, at least in one case, depositions are scheduled as early as next week. Thus, a status conference with counsel is appropriate to discuss the mechanism by which I will monitor the Intervenor Defendants' participation in discovery. The conference will last no more than one hour. Because some attorneys are out-of-town, I will not require that all parties attend the conference in person, but will leave the decision about whether to appear at the courthouse to counsels' discretion. Because counsel for Intervenor Defendants requested the conference, I will have my assistant provide him with possible dates and times to circulate to all counsel. Chambers will need to know who will attend the conference in person and how many attorneys will participate telephonically.

With respect to the cases that have been referred to me for discovery or discovery issues, I will address individual issues as they arise. For example, there is a motion to compel that is pending in *B&R Management*, Civ. No. ELH-15-3364. I will address that motion once Judge Hollander has ruled upon the pending motion for temporary restraining order. In the meantime, if it is appropriate to file a similar motion to compel in another case, counsel should proceed to do so. I intend to handle the discovery motions in each case separately, although if a non-fact-specific issue is addressed in one case, it would certainly be reasonable for the parties to conclude that my ruling in a second case would be the same. The benefit to Judge Bredar assigning a single magistrate judge to all six cases is to ensure consistency of rulings across the cases, not to undermine his own ruling against consolidation.

Despite the fact that the cases will be proceeding in a non-consolidated fashion, I agree that it would be best if witnesses common to all cases did not have to appear for six individual (and likely duplicative) depositions. Coordination of a deposition in more than one case, however, will be a matter for counsel and not a matter to be ordered by the Court.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge